UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATT ERICKSON,

Plaintiff,

v.

CITY OF LEAVENWORTH,

Defendant.

NO. CV-11-007-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment (Ct. Rec. 5). A telephonic hearing was held on April 21, 2011. Plaintiff participated *pro se*; Defendant was represented by Amanda Butler.

Plaintiff is bringing a First Amendment challenge to the City of Leavenworth's ordinances regarding signs and flag poles. It is undisputed that Plaintiff does not live in the City of Leavenworth, does not own property in the City, and has never applied for any permits regarding signage. Plaintiff, however asserts that he still wishes to visit the City explicitly to speak out about issues which he finds of sufficient importance to warrant the effort, including the issue of Free Speech. He states that he would "enjoy the unfettered opportunity to continue to speak out against the City's position, by picketing in front of City Hall, or walking through the City's central park on a busy festival weekend, to protest the City's improper flag restrictions and continued favoritism toward the Barvarian Maypole with a prohibited sign." Plaintiff maintains that he cannot come to Leavenworth with a protest or picketing Free Speech sign and speak freely without

violating Leavenworth's restrictive flag or ordinance sign because he would be exposed to extensive fines for displaying a prohibited sign or set of flags within the City. Finally, Plaintiff states that he is contemplating a run for a county-wide legislative seat or county-wide political office in 2012.

## PROCEDURAL BACKGROUND

Previously, in 2005, Plaintiff filed a lawsuit against the City of Leavenworth in Chelan County Superior Court, in which he facially challenged ordinances regarding flagpole height restrictions (LMC 14.14.080) and flag size restrictions (LMC 14.14.100). These claims were dismissed on summary judgment. Plaintiff filed an amended complaint, in which he expanded the ordinances that he was challenging. The state court judge granted the City's motion for summary judgment, concluding that the challenged sections were constitutional. Plaintiff appealed the dismissal on December 10, 2010.

On that same day, Plaintiff filed another complaint in Chelan County Superior Court asserting claims with respect to new Ordinances that were passed in April, 2009, which adopted LMC Ch. 14.17 and modified other provisions of Ch. 14.14. The case was removed to the Eastern District of Washington on January 2, 2011.

Defendant now moves for summary judgment and asks the Court to dismiss Plaintiff's lawsuit with prejudice for lack of standing.

## ANALYSIS

### A. Standards for Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

As standing is an indispensable part of a plaintiff's case, the burden of proof follows accordingly with the successive stages of litigation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

**B. Standing**

"Under Article II, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues, but 'Cases' or 'Controversies.'" *Arizona Christian Sch. Tuition Org. v. Winn*, __ U.S. __, 131 S.Ct. 1436, 1441 (9th Cir. 2011). To state a case or controversy under Article III, a plaintiff must establish standing. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Federal courts have recognized that a plaintiff must establish "constitutional standing" as well as "prudential standing." *Get Outdoors II, LLC v. City of San Diego, Cal.*, 506 F.3d 886, 891 (9th Cir. 2007).

The "irreducible minimum" of constitutional standing is: 1) an injury in fact; 2) a causal connection between that injury and the defendant's conduct; and

3) a likelihood that the injury can be redressed by a favorable decision of the court. *Id.* (*citing Lujan*, 504 U.S. at 560-61. Prudential standing requires the court to determine whether the plaintiff's claim is sufficiently individualized to ensure effective judicial review. *Id.*, (*citing Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

The Ninth Circuit recently issued an opinion that spells out clearly the requirements that a Plaintiff who is bringing a pre-enforcement case must meet to establish standing. *See Lopez v. Candaele*, 630 F.3d 775 (9th Cir. 2010). The injury-in-fact must constitute "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lopez*, 630 F.3d at 785 (*quoting Lujan*, 504 U.S. at 560). Because "constitutional challenges based on the First Amendment present unique standing considerations, plaintiffs may establish an injury in fact without first suffering a direct injury from the challenged restriction. *Id.* (citation omitted). "In an effort to avoid the chilling effect of sweeping restrictions, the Supreme Court has endorsed what might be called a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences." *Id.* (*quoting Arizona Right to Life Political Action Committee v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003)). In such pre-enforcement cases, the plaintiff may meet constitutional standing requirements by "demonstrating a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Id.* (*quoting Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). To show such a "realistic danger," a plaintiff must "allege an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and . . . a credible threat of prosecution thereunder." *Id.* (citation omitted).

Courts consider a number of factors to determine whether plaintiffs who bring suit prior to violating a statute have failed to show that they face credible

threats of adverse state action sufficient to establish standing: (1) whether pre-enforcement plaintiffs have failed to show a reasonable likelihood that the government will enforce the challenged law against them; (2) whether plaintiffs have failed to establish, with some degree of concrete detail, that they intend to violate the challenged law; and (3) whether the challenged law is inapplicable to the plaintiffs, either by its terms or as interpreted by the government. *Id.* at 786.

**1. Enforcement of Speech Restrictions**

Courts have considered a government's preliminary efforts to enforce a speech restriction or its past enforcement of a restriction to be strong evidence that pre-enforcement plaintiffs face a credible threat of adverse state action. *Id.* Prior cases have held that a threat of government prosecution is credible if the government has indicted or arrested the plaintiffs[1], if "prosecuting authorities have communicated a specific warning or threat to initiate proceedings" under the challenged speech restriction, or if there is a "history of past prosecution or enforcement under the challenged statute." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). The threatened action need not necessarily be a prosecution, and the plaintiffs themselves need not be the direct target of government enforcement. *Id.* (citations omitted). "A history of past enforcement against parties similarly situated to the plaintiffs cuts in favor of a conclusion that a threat is specific and credible." *Id.*

On the other side, general threats by officials to enforce those laws which they are charged to administer do not create the necessary injury in fact. *Id.* In *Younger*, the Supreme Court held that three plaintiffs, who had never been threatened with prosecution, but merely felt "inhibited" in advocating political ideas or in teaching about communism did not have standing. 401 U.S. at 42. "Mere allegations of a subjective chill are not an adequate substitute for a claim of

---

[1] *Younger v. Harris,* 401 U.S. 37, 41-42 (1971).

specific present objective harm or a threat of specific future harm." *Id.* (citations omitted).

Here, there is nothing in the record that Plaintiff has ever attempted to picket or stage a rally in Leavenworth, or that officials threatened to charge him, or that he had ever been warned that what he was doing violated the ordinance. Moreover, there is nothing in the record to suggest that the City of Leavenworth has enforced its sign ordinance against persons who come to visit Leavenworth. Thus, this factor weighs in favor of finding that Plaintiff has not established standing.

**2. Concrete Intent to Violate Challenged Law**

Pre-enforcement plaintiffs who fail to allege a concrete intent to violate a challenged law cannot establish a credible threat of enforcement. *Id.* "Because the Constitution requires something more than a hypothetical intent to violate the law, plaintiffs must articulate a concrete plan to violate the law in question by giving details about their future speech such as when, to whom, where, or under what circumstances." *Lopez*, 630 F.3d at 787 (citations omitted). "Plaintiffs' allegations must be specific enough so that a court need not speculate as to the kinds of political activity the plaintiffs desire to engage in or as to the contents of their proposed public statements or the circumstances of their publication." *Id.* (citations omitted). Without the details, the court "is left with a mere someday intentions which do not support a finding of the actual or imminent injury" that is required. *Id.* (citations omitted).

Here, Plaintiff has set forth a number of activities he "desires" to engage in. Namely, he "contemplates" running a political campaign in 2012, and "would enjoy" the chance to protest his previous lawsuit by carrying around signs in front of the City Hall and possibly displaying multiple flags on the property of a resident. Clearly, these musings do not provide the concrete details contemplated by the Ninth Circuit, and as such, this factor weighs in favor of finding that

Plaintiff has not established standing.

### 3. Applicability to Plaintiff

A plaintiff's claim of future harm lacks credibility when the challenged speech restriction by its terms is not applicable to the plaintiff or the enforcing authority has disavowed the applicability of the challenged law to the plaintiffs. *Id.* A plaintiff will not demonstrate the necessary injury in fact where the enforcing authority expressly interpreted the challenged law as not applying to the plaintiff's activities, although the government's disavowal must be more than a mere litigation position. *Id.*

There is nothing in the record where the City of Leavenworth has disavowed applying the ordinance if Plaintiff would attempt to erect signs while visiting the City. On the other hand, with respect to the flag ordinance, Plaintiff does not have any property with which to erect his flag poles so these ordinances by their natures do not apply to Plaintiff.

With respect to the sign ordinance, this factor does not necessarily indicate that Plaintiff does not have standing because there is nothing in the record to indicate that it would never be applied against him. However, it is speculative, at best, that the sign and flag ordinance would actually cause Plaintiff injury. This factor does not support a finding that Plaintiff has standing.

## C. Conclusion

Upon review of the *Lopez* factors, the Court finds that Plaintiff's claims that he might one day picket in front of City Hall, or walk through the City's central park on a festival weekend with a sign, as well as the lack of any evidence of possible enforcement by the City against him or others who would want to engage in the same type of behavior, are not sufficiently concrete to meet the minimum injury-in-fact threshold. As such, summary judgment in favor of Defendants is appropriate.

///

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment (ECF No. 5) is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to counsel and Plaintiff, and **close the file**.

**DATED** this 4th day of May, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

Q:\CIVIL\2011\Erickson\grant.wpd